[No. 18038.  Department Two.  January 3, 1924.]

## M. J. KEARNEY, as Receiver etc., Appellant, v. MILES EARLES, Respondent.[1]

INDEMNITY (5)—SCOPE OF LIABILITIES WITH CORPORATION.  Where an officer of a corporation was primarily liable upon a corporation's note given to a bank for a loan to the officer, who gave his note to the corporation as security therefor, a receiver of the corporation can recover on the officer's note only such sum as it had been forced to pay upon the note given to the bank.

Appeal from a judgment of the superior court for King county, Brinker, J., entered November 17, 1922, dismissing an action on a promissory note, tried to the court.  Reversed.

*Murphy & Kumm,* for appellant.

BRIDGES, J.—Suit upon a promissory note. A reading of the testimony convinces us that the controlling facts are these: the respondent was an officer of the Fortson Shingle Company, a corporation, and was indebted to it in the sum of $3,500, which debt it was desirous should be paid. In addition to getting the money for the purpose of paying this debt, the respondent desired to obtain $1,500 for his own personal use. He went to his bank at Seattle for the purpose of borrowing $5,000 for the purposes mentioned. He was informed by the bank cashier that he owed the bank $5,000 already, and while his credit was good for the additional $5,000 the loan could not be made to him without consulting the board of directors. Inasmuch as respondent seemed to be anxious to avoid delay, it was arranged that the shingle company would give its note for $5,000 to the bank, which arrangement was at once consummated, the respondent endorsing the note and the $5,000 was then

[1]Reported in 221 Pac. 612.

put to the credit of the shingle company, which at once gave its check to the respondent for $1,500, and subsequently checked out on its own account the balance of $3,500 in payment of the debt owing from respondent to it. At about the same time, respondent gave to the shingle company his note for $5,000 for the purpose of protecting it against liability to the bank on account of the note given by it. Sometime after these transactions, the appellant was appointed receiver of the shingle company and brought this suit on the promissory note which had been previously given by the respondent to the shingle company, seeking judgment for $5,000, and interest. The court, trying the case without a jury, found for the respondent and dismissed the action.

We have not been favored with any brief from the respondent but a reading of the record indicates that his position at the trial was that, while, as between the bank and the shingle company, the latter was primarily liable on the note, yet, as between the shingle company and the respondent, the latter was primarily liable, being his debt, and that the former could not recover of him until it had been required to pay the whole or a part of that indebtedness. As we read the testimony, respondent admitted that the indebtedness represented by the note given by the shingle company to the bank was his, and that he was liable to pay it, and this is in accord with the understanding of the parties at the time it was given. Apparently the trial court accepted this view. The appellant contends that the whole transaction was nothing more nor less than a loan by the shingle company from the bank of $5,000 and thereafter a loan from the shingle company to the respondent for an equal amount, which last loan was evidenced by the promissory note upon which this suit was instituted.

In a general way, respondent's position is correct. The debt was his debt and the shingle company would be required to pay only in the event he failed so to do, and would not be entitled to recover of him unless and until it had paid the bank all or a portion; and if it paid less than all, it could recover of the respondent only such amount as it paid.

But the case must be reversed because, when the receiver was appointed, the shingle company had paid on the note $111.75. That payment was made in this manner; apparently the bank had become uneasy about the financial condition of the shingle company and finding that it had on deposit the amount last mentioned, it applied that sum on the note, reducing it to that extent. The shingle company having paid this amount, the appellant was entitled to recover it in this action, and there should have been a judgment for the sum of $111.75, and interest thereon.

But the case has additional features which are somewhat unusual. The bank filed its claim with the receiver for the amount of the note previously given by the shingle company, less the payment made by it as above indicated. At the time of the trial, the receiver had allowed this claim in full but had not actually paid any portion of it. The testimony shows that the receiver had converted most of the property in his hands into money and would likely soon be able to pay to the creditors, including the bank, a very substantial dividend. It may be that by this time such dividend has been paid, and if so, then the receiver would be entitled to recover of the respondent an additional amount equal to such dividend as may have been paid to the bank.

The judgment is reversed, and the cause remanded with directions to the lower court, upon the application of either of the parties to the action, to re-open the case

for the taking of further testimony concerning only any amounts which the receiver may have paid to the bank on account of the note given by the shingle company to it, since the trial of this action, and enter judgment for the receiver for the sum of $111.75 and interest, plus any amount that the receiver may have paid since the trial of this case.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.